IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACY GARR <br> (TDCJ No. 2162206), <br><br> Plaintiff, <br><br> V. <br><br> CAPTAIN GRAY, ET AL., <br><br> Defendants. | § § § § § § § § § § § | No. 3:19-cv-1098-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Stacy Garr, a Texas prisoner, has filed a *pro se* civil rights action claiming that he was denied due process in state parole proceedings and requesting monetary damages and reinstatement of his parole status or release on parole. *See* Dkt. Nos. 3 & 4. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The Court has granted Garr leave to proceed *in forma pauperis* under the Prison Litigation Reform Act.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action "with prejudice to [the claims raised in the complaint] being asserted again until the *Heck [v. Humphrey*, 512 U.S. 477 (1994)] conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

**Applicable Background, Legal Standards, and Analysis**

Garr, serving a four-year sentence following his conviction for possession of a controlled substance in Nacogdoches County, Texas, appears to claim that a major disciplinary proceeding that occurred at a state prison in the Dallas Division of this district, which resulted in a reduction of his good-time credits, but which was overturned on appeal, nevertheless negatively affected his parole status and caused the parole board to deny him release on parole. *See* Dkt. Nos. 3 & 4.

Garr's requests for monetary damages and for injunctive relief – that the Court effectively overrule the parole board decision, which thus takes the form of habeas relief – "cannot be obtained in the same suit." *Reed v. Thaler*, No. 2:11-cv-93, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011) (explaining that a prisoner who "seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release [from incarceration], which is available in a habeas corpus action pursuant to 28 U.S.C. § 2254," seeks "two forms of relief that cannot be obtained in the same suit"), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011). And, where a prisoner brings both "habeas and § 1983 claims," the district court is "required" to "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam); citations omitted); *accord Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017) ("[W]hen a single complaint includes both habeas claims and civil rights claims, the district court should separate the claims and decide the section 1983 claims." (citing *Pattron*, 136 F.3d at 464)).

But the Court may not consider Garr's civil rights claims at this time, as those claims are based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that Garr fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

"The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

The "conviction" inconsistent with Garr's current claims is the decision to change his parole status and/or deny his release on parole – and thus extend the duration of his sentence. Initially, "[t]he rule set forth in *Heck* applies to a challenge to the validity of confinement resulting from a parole-revocation hearing." *Johnson v. Murray*, 420 F. App'x 327, 328 (5th Cir. 2011) (per curiam) (citing *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)). More broadly, that rule applies where

"[s]uccess in the instant action would ... affect the validity of [a prisoner's] underlying conviction or the duration of his sentence." *Mosley v. White*, 464 F. App'x 206, 210-11 (5th Cir. 2010) (per curiam) (discussing the application of *Heck* through *Edwards v. Balisok*, 520 U.S. 641 (1997), and *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam)); *cf. Taylor v. Gunnels*, 378 F. App'x 469, 470 (5th Cir. 2010) (per curiam) ("For purposes of *Heck*, the term 'conviction' includes prison disciplinary decisions that result in the loss of good-time credits." (citing *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc))); *Roberto Villarreal v. Johnson*, No. 2:15-cv-219-D, 2019 WL 1300093, at *4 (N.D. Tex. Feb. 21, 2019) ("The application of the *Heck* and *Balisok* doctrines to a case depends on whether a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or confinement." (citing *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996))), *rec. adopted*, 2019 WL 1294802 (N.D. Tex. Mar. 21, 2019).

In *Muhammad*, the United States Supreme Court summarized the sometimes confusing intersection of requests for habeas relief and civil rights claims and the resulting need for the *Heck* doctrine as expanded:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under ... 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In *Heck v. Humphrey*, we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve

> favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Accordingly, in *Edwards v. Balisok*, we applied *Heck* in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good time served. In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies. Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). *See Rose v. Lundy*, 455 U.S. 509 (1982). Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a).
>
> *Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. There is no need to preserve the habeas exhaustion rule and no impediment under *Heck* in such a case ....

540 U.S. at 750-52 (citations and footnotes omitted); *see also, e.g., Bourne v. Gunnels*, 921 F.3d 484, 491 (5th Cir. 2019) ("The basis of Bourne's § 1983 excessive-force claims, therefore, is distinct from the basis of his disciplinary conviction. A finding of excessive force would not negate the prison's finding that Bourne violated its policies and was subject to disciplinary action as a result. A ruling in Bourne's favor on his excessive-force claims would not affect his underlying conviction, his disciplinary conviction, or the duration of his sentence. Accordingly, *Heck* and its progeny do not bar Bourne's excessive-force claims." (citing *Mosley*, 464 F. App'x at 210-11)).

Here, in sum, because success on Garr's claims before the Court would affect the validity of a parole decision that extended the duration of his confinement – a decision that has not been reversed on direct appeal, expunged by executive order, or otherwise

declared invalid by a state tribunal or federal court – Garr's claims are currently *Heck* barred and therefore frivolous.

## Recommendation

The Court should dismiss this action with prejudice to the claims raised in the complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 16, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE